IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BORJA-VALDES, LILLIE ELLISON, AND MERCEDES HERNANDEZ-MONROY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | No. 3:14-cv-04168-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

The Second Amended Complaint in this matter (dkt. 28) is DISMISSED WITH LEAVE TO AMEND for failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6), as follows:

- Claim One, Three, and Eight: Plaintiff Lillie Ellison's disparate treatment claims fail to state a plausible claim that defendant City and County of San Francisco ("CCSF") violated the Civil Service Rules by failing to give Ellison an opportunity to be re-hired to a 1246- or 1244-level position.  Moreover, the SAC fails to plead that Ellison's 1246-level position was re-numbered under a 1250-level position label, such that Civil Service Rule 109.10.6 might apply.
- Claim Two and Nine: Ellison's disparate impact claims fail to state a plausible claim that Ellison was personally injured within a relevant time period by any disparate impact of CCSF policies regarding promotions to 0931- or 0932-

level positions.  To whatever extent Ellison intended her disparate impact claim to be based instead on the 1246-level rehire issue that forms the basis of her disparate treatment claims, the SAC does not so state in comprehensible terms.

- Claims Ten and Eleven: Plaintiff Mercedes Hernandez-Monroy's claims for "rescission" and "declaratory relief" fail to state a claim because they are styled as remedies, not causes of action.  Moreover, Hernandez-Monroy fails to plead that CCSF breached any actual term of the Settlement Agreement, specifically by unsealing the envelope containing certain records in her personnel file.

See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court the draw the reasonable inference that the defendant is liable for the misconduct alleged."); Shwarz v. United States, 234 F.3d 428, 435 (9th Cir.2000).

Accordingly, CCSF's motion to dismiss (dkt. 29) is GRANTED.  Plaintiffs may file an amended complaint within 30 days of the date of this Order.  Any amended complaint must address the legal deficiencies stated herein or be subject to dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: May 22, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE